U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONTY J. BOOTH, ATTORNEY AT LAW, P.S., a Washington corporation, individually and on behalf of a class of Washington businesses similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPSTACK, INC., a Delaware corporation,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Monty J. Booth, Attorney at Law, P.S., ("Plaintiff"), by his undersigned attorneys, for this class action complaint against AppStack, Inc., and its present, former or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (collectively "Defendant"), alleges as follows:

## I. INTRODUCTION

1.1   <u>Nature of Action</u>.  Plaintiff, individually and as a class representative for all similarly situated businesses in the State of Washington who have received automated telephone calls and calls using artificial or prerecorded voices made by or on behalf of Defendant and marketing Defendant's products, bring this action against Defendant for

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 1

violations of the Washington Automatic Dialing and Announcing Device Statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq*.

## II. JURISDICTION AND VENUE

2.1     <u>Jurisdiction</u>.  This Court has jurisdiction over Plaintiff's claims pursuant to the "Class Action Fairness Act," 28 U.S.C. §§ 1332(d), 1435 ("CAFA"). At least one member of the proposed class is a citizen of a state other than where Defendant is incorporated and headquartered. The proposed class consists of more than 100 members.  Further, the amount in controversy exceeds $5 million taking into account all damages and equitable relief on behalf of the proposed class, and excluding interest and costs.  Additionally, Defendant does business in Washington State and the wrongful acts alleged in this Complaint were committed in Washington State.

2.2     <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the wrongful acts alleged were committed in this judicial district and pursuant to 28 U.S.C. § 1391(c)(2) in that Defendant does sufficient business in this District to subject them to personal jurisdiction.

## III. PARTIES

3.1     Plaintiff Monty J. Booth, Attorney at Law, P.S., is a law firm in Everett, Washington, incorporated in Washington State.  Plaintiff receives telephone calls on its business telephone, including those which are the subject of this Complaint, which was intended to be received and was received on Plaintiff's business telephone in Everett, Washington.

3.2     Defendant AppStack, Inc. is a Delaware limited liability company with its principal office in Temecula, California.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 2

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## IV. THE WASHINGTON AUTOMATIC DIALING AND ANNOUNCING DEVICE STATUTE, RCW 80.36.400

4.1.    In 1986, the Washington State Legislature enacted the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400 ("WADAD").  As defined by the statute, "[a]n automatic dialing and announcing device is a device which automatically dials telephone numbers and plays a recorded message once a connection is made."  *See* RCW 80.36.400(1)(a).

4.2    The WADAD makes it unlawful for any person to use an automatic dialing and announcing device "for purposes of commercial solicitation" and "applies to all commercial solicitation intended to be received by telephone consumers within the state" of Washington. *See* RCW 80.36.400(2).

4.3    A violation of the WADAD is a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA").  *See* RCW 80.36.400(3).

## V. FACTUAL ALLEGATIONS

5.1    Defendant is in the business of mobile and internet marketing.  It provides mobile advertising and a platform for applications to small businesses across the United States. Defendant resells Google's mobile ads, tracks ad performance, and customizes mobile applications for small businesses.

5.2    Upon information and belief, Defendant engages in telemarketing using an automatic telephone dialing system to contact potential customers who have not consented to receive telephone calls on their telephones.

5.3    Upon information and belief, Plaintiff's business telephone began receiving automated calls from Defendant at his business landline on or about May 2013.  Plaintiff's business telephone is a landline answered in Everett, Washington, the location of Plaintiff's business.  Plaintiff continued to receive numerous calls from Defendant thereafter for approximately two months.  Plaintiff received phone calls, typically multiple times a day, nearly every day until the calls ceased in or about the end of June 2013.  The phone calls from

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 3

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Defendant were pre-recorded automated messages on Plaintiff's voicemail that stated words to the effect that Defendant could help with Google advertisement placement and instructing Plaintiff to "press 1 to receive $100 free clicks to get call from customers in your area for as low as $99 a month . . . press 2 to be removed from our list and give your spot to your nearest competitor." On at least one occasion, Plaintiff answered the phone and heard the automated message, pressed the option for more information and was connected with a representative who identified himself as an employee of Defendant's.

5.4     Plaintiff has no relationship with Defendant and, prior to receiving these phone calls, was unfamiliar with Defendant. Plaintiff did not provide prior consent, express or implied, to the receipt of any of the telephone calls made by or on behalf of Defendant. The calls made to Plaintiff's business telephone consisted of a pre-recorded message delivered by an ADAD. The pre-recorded message made to Plaintiff's business telephone, by or on behalf of Defendant, was made for the purpose of commercial solicitation, urging Plaintiff to purchase AppStack's services.

5.5     Upon information and belief, Defendant, and/or others acting on its behalf, has made similar pre-recorded calls to the business telephone numbers of other Washington businesses and intend to continue to do so.

5.6     Defendant's use of ADADs for purposes of commercial solicitation violates the privacy of Plaintiff and Class members.

## VI.  CLASS ACTION ALLEGATIONS

6.1     Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this case as a class action on behalf of three Classes of persons defined as follows:

> All Washington businesses who received one or more telephone calls made by Defendant and/or made on Defendant's behalf using an automatic dialing and announcing device, when such a call included a pre-recorded message containing a commercial solicitation and was transmitted to a telephone number with a Washington State area code at any time for the period that begins four years from the date of this Complaint to trial.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 4

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Excluded from the Class are Defendant, any entities in which Defendant has a controlling interest or that have a controlling interest in Defendant, and Defendant's legal representatives, assignees and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family and staff.

    6.2    **Numerosity.**  The Class is so numerous that joinder of all members is impracticable.  Upon information and belief the Class has more than 100 members.  Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

    6.3    **Commonality.**  There are numerous questions of law and fact common to Plaintiff and Class members.  These common questions of law and fact include:

    a.    Whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf used an automatic dialing and announcing device, as defined by RCW 80.36.400(1)(a), for purposes of commercial solicitation;

    b.    Whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf violated RCW 80.36.400;

    c.    Whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf violated RCW 19.86 et seq.;

    d.    Whether Defendant is liable for prerecorded calls marketing Defendant's products and/or services when such calls were made by Defendant's agents, affiliates and/or others acting on Defendant's behalf; and

    e.    Whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf should be enjoined from violating RCW 80.36.400 and/or RCW 19.86 et seq. in the future.

    6.4    **Typicality.**  Plaintiff's claims are typical of the Class in that they arise from Defendant's common course of conduct and are based on the same legal and remedial theories.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 5

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    6.5    **Adequacy.**  Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained competent and experienced counsel who have significant experience in complex and class action litigation, including consumer class actions and WADAD class actions.  Plaintiff and its counsel are committed to prosecuting this action vigorously on behalf of the Class.  Neither Plaintiff nor its counsel have interests that are contrary to or antagonistic to the members of the Class.

6.6    **Predominance.**  Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

6.7    **Superiority.**  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the WADAD.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the WADAD are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

6.8    **Injunctive and Declaratory Relief Is Appropriate.**  Defendant has acted on grounds generally applicable to Plaintiff and the Class as alleged herein, thereby making final injunctive relief and corresponding declaratory relief appropriate on a classwide basis.  Moreover, on information and belief, Plaintiff alleges that the automated calls made by Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 6

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## VII.  FIRST CLAIM FOR RELIEF
### (Violations of RCW 80.36.400)

7.1     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.2     Defendant and/or its agents, affiliates and/or others acting on behalf has continually and repeatedly violated RCW 80.36.400(2) by using ADADs to leave recorded messages for the purpose of encouraging Plaintiff and the Class to purchase Defendant's products and/or services.

7.3     As a result of Defendant's and/or its affiliates, agents and/or others acting on Defendant's behalf's violations of RCW 80.36.400(2), Plaintiff and the Class are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to RCW 80.36.400(3).

## VIII.  SECOND CLAIM FOR RELIEF
### (Violation of Washington Consumer Protection Act, RCW 19.86 *et seq.*)

8.1     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

8.2     Pursuant to RCW 80.36.400(3), which provides that a violation of RCW 80.36.400 is a violation of RCW 19.86 *et seq.*, the WCPA, Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf have continually and repeatedly violated the CPA by using ADADs to leave recorded messages for the purpose of encouraging Plaintiff and the Class to purchase Defendant's products and/or services.

8.3     As a result of Defendant's and/or its affiliates, agents and/or others acting on Defendant's behalf's violations of RCW 80.36.400(2), Plaintiff and the Class have sustained damages, including $500 in statutory damages for each and every call in violation of the WADAD.  The full amount of damages will be proven at trial.  Plaintiff and Class members are entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 7

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

8.4 Under the WCPA, Plaintiff and members of the Class are also entitled to, and do seek, injunctive relief prohibiting Defendant and /or its affiliates, agents and/or others acting on Defendant's behalf from violating the WCPA in the future.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Certification of the Class pursuant to Federal Rule of Civil Procedure 23;

B. Appoint Plaintiff as a representative of the class;

C. Appoint the undersigned counsel as counsel for the class;

D. Grant declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendant and/or its affiliates, agents and/or others acting on Defendant's behalf will not continue to engage in the unlawful conduct set forth herein;

E. Award Plaintiff and the Class statutory, compensatory and exemplary damages as permitted by law;

F. Judgment against Defendant for attorney's fees and costs as permitted by law and/or equity;

G. Permit Plaintiff and the Class leave to amend the Complaint to conform to the evidence presented at trial; and

H. Any other or further relief which the Court deems fair and equitable.

RESPECTFULLY SUBMITTED AND DATED this 26th day of August, 2013.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
     Beth E. Terrell, WSBA #26759
     Email:  bterrell@tmdwlaw.com
     Whitney B. Stark
      (*Pro Hac Vice* Motion to be Filed)
     Email:  wstark@tmdwlaw.com
     936 North 34th Street, Suite 300
     Seattle, Washington  98103-8869
     Telephone:  (206) 816-6603
     Facsimile:  (206) 350-3528

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 8

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

| | |
|---|---|
| 1 | GALLAGHER LAW OFFICES P.S. |
| 2 | |
| 3 | By:  /s/ Daniel D. Gallagher, WSBA #21940 |
| 4 | Daniel C. Gallagher, WSBA #21940<br>Email:  dan@nwprolaw.com |
| 5 | 10611 Battle Point Drive NE<br>Bainbridge Island, Washington  98110 |
| 6 | Telephone: (206) 855-9310<br>Facsimile:  (206) 855-2878 |
| 7 | |
| 8 | *Attorneys for Plaintiff* |

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 9