UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONTY J. BOOTH, ATTORNEY AT LAW, P.S., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPSTACK, INC., et al.,<br><br>Defendants. | CASE NO. C13-1533JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on Defendants Appstack, Inc., Steve Espinosa, and John Zdanowski's (collectively, "Defendants") motion to certify an interlocutory appeal and stay proceedings pending the outcome of that appeal. (Mot. (Dkt. # 117).) Defendants have also filed a letter requesting clarification of the court's May 25, 2016, order. (Dft. Letter (Dkt. # 121); *see also* 5/25/16 Order (Dkt. # 115).) Plaintiffs Monty J. Booth, Attorney at Law, P.S. ("Booth Law"), Ricardo T. Mascarenas, and Christopher

ORDER- 1

Gregory oppose Defendants' motion (Resp. (Dkt. # 123)) and have filed a letter brief addressing Defendants' request for clarification (Plf. Letter (Dkt. # 122)). Having considered the submissions of the parties,[1] the balance of the record, and the relevant law, the court DENIES Defendants' motion and CLARIFIES its May 25, 2016, order as stated herein.

## II.  BACKROUND

Defendants' pending motion and request both implicate the court's ruling in its May 25, 2016, order. (5/25/16 Order.) That order first took up Defendants' motion to decertify both the WADAD[2] and TCPA[3] classes in this case.[4] Due to pervasive difficulties using common evidence to identify the termination point of Defendants' alleged calls, the court decertified the WADAD Class. (*Id.* at 22-25.) Those difficulties did not impact the TCPA Class, and the court denied Defendants' motion to decertify that class. (*Id.* at 15-22.)

---

[1] Defendants have requested oral argument on their motion, but the court finds it unnecessary and denies that request. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Washington Dialing and Announcing Device Act, RCW 80.36.400.

[3] Telephone Consumer Protection Act, 47 U.S.C. § 227.

[4] The court had previously certified a "WADAD Class," which consisted of "[a]ll persons who received on a landline located within the State of Washington one or more pre-recorded telephone messages placed by Defendants or on Defendants['] behalf on or after August 27, 2009, through the date of final disposition of this action" (2d CC Order (Dkt. # 61) at 5, 21), and a "TCPA Class," which consisted of "[a]ll persons or entities in the United States who, on or after four years before the filing of this action, received a call to their cellular telephone line with a pre-recorded message, made by or on behalf of Defendants." (1st CC Order (Dkt. # 52) at 13, 34.)

The court also granted summary judgment to the TCPA Class on its prima facie case against Appstack. (*Id.* at 25-31.) However, after concluding that under the TCPA consent is an affirmative defense on which Defendants bear the burden of proof, the court denied classwide summary judgment on that element because Defendants presented a modicum of circumstantial evidence that at least a few TCPA Class members consented. (*Id.* at 28-31.) As to the liability of Mr. Espinosa and Mr. Zdanowski (collectively, "Individual Defendants"), the court held that the record could support a finding for either side and denied the parties' cross motions for summary judgment on that issue. (*Id.* at 32-35.)

At a subsequent status conference, the court granted Defendants leave to seek clarification of the May 25, 2016, order, and Defendants have since filed the currently pending letter. (Dft. Letter.) Defendants also moved to certify for interlocutory appeal whether consent is an element of a TCPA claim or an affirmative defense. (Mot.) Defendants' letter and motion are now before the court.

### III. ANALYSIS

**A. Request for Clarification**

Defendants request clarification of the court's order concerning standing and consent. (Dft. Letter.) Defendants' letter appears to principally seek reconsideration of the court's order. (*See, e.g., id.* at 1-2 (contending that the court erred in concluding that *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540 (2016), does not call into question or individualize the inquiry into Plaintiffs' standing).) A party seeking reconsideration must follow the Western District of Washington's procedures and demonstrate "manifest

ORDER- 3

error . . . or [show] new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h). Defendants have neither followed the procedure nor made a sufficient showing. To the extent Defendants' letter genuinely seeks clarification as opposed to reconsideration, the court responds as follows.

1. Standing

"[S]everal district courts in the Ninth Circuit have concluded that at least 'a person who is the authorized and sole user of a cellular telephone number . . . has standing to pursue a TCPA claim.'" (5/25/16 Order at 15 (citing *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 565 (W.D. Wash. 2012)).) "In this Circuit, it is enough that the class definition describes 'a set of common characteristics sufficient to allow' a prospective plaintiff to 'identify himself or herself as having a right to recover based on the description.'" *McCrary v. Elations Co.*, No. EDCV 13-00242 JGB (OPx), 2014 WL 1779243, at *8 (C.D. Cal. Jan. 13, 2014) (quoting *Moreno v. Autozone, Inc.*, 251 F.R.D. 417, 421 (S.D. Cal. 2012)). The TCPA Class definition provides an objective basis to identify proper claimants, even though that identification will initially be based upon the TCPA Class member's telephone number.

Defendants' concern appears to be that individuals who own one of the phone numbers associated with the TCPA Class, but who did not own that number when Defendants allegedly called it, lack standing in this case but might nonetheless seek to recover. That argument is accurate but inapposite. Contrary to Defendants' understanding, in the scenario described above, the wrongful claimant is not a TCPA

Class member who lacks standing; rather, the claimant is a non-member of the TCPA Class. Whether a given claimant is a rightful class member is an inquiry common to every consumer class action that reaches the claims administration stage. *See Hilao v. Estate of Marcos*, 103 F.3d 767, 786 (9th Cir. 1996) ("If the [defendant] had a legitimate concern in the identities of those receiving damage awards, the district court's procedure could affect this interest. In fact, however, the [defendant]'s interest is only in the total amount of damages for which it will be liable . . . ."); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990) ("Where the only question is how to distribute damages, the interests affected are not the defendant's but rather those of the silent class members."). As the court has indicated, there is no evidence that such claimants would predominate in this case, and the court has found Defendants' speculation that it may occur to be unproblematic under Federal Rule of Civil Procedure 23. (5/25/16 Order at 18.)

If one or more of Defendants is found liable, the claims administration process will provide Defendants an opportunity to challenge whether a particular individual was, for instance, the "authorized and sole user of a cellular telephone number" at the relevant time. *Agne*, 286 F.R.D. at 565. As the court indicated in its order, several options would be available to the court and the claims administrator at that juncture. (5/25/16 Order at 17; *see also* Plf. Letter at 2 (providing several examples).) For instance, the claims form could require TCPA Class members to swear under oath that they are class members or provide billing records substantiating their class membership. (5/25/16 Order at 17; Plf. Letter at 2, Exs. A-B.)

ORDER- 5

In the event this lawsuit reaches the claims stage, the court will solicit further input from the parties before finalizing an approach to verifying class membership.

2. Consent

Defendants complain that "there is no class-wide process for identifying which subscribers gave Appstack consent to be called." As the court has indicated, "no part of the record that [Defendants] reference indicates the size or scope" of the marketing efforts that Defendants contend yielded consent. (5/25/16 Order at 19.) Accordingly, although consent was not suited for summary judgment on a classwide basis, the court has concluded that nothing besides Defendants' assertions indicate "that consent will require more than a *de minimis* individualized inquiry." (*Id.* at 19, 31.)

The parties filed the operative joint status report after the court had certified both classes in this case and under the impression that trial would address the claims of the WADAD Class and the TCPA Class. (JSR (Dkt. # 64) at 10.) Plaintiffs estimated trial would require 3-4 court days and Defendants estimated the trial would require 4-5 court days. (*Id.*) The issues remaining for trial have since diminished. (*See generally* 5/25/16 Order.) At the pretrial conference, the court will allot time for trial in light of this information. The court expects each side to present its case, including any evidence supporting affirmative defenses, in the time allotted.

B.  **Defendants' Motion to Certify an Interlocutory Appeal**

Defendants move the court to certify an interlocutory appeal and stay the case pursuant to 28 U.S.C. § 1292(b). Specifically, Defendants ask the court to certify an interlocutory appeal on "whether consent is an element of a claim under the [TCPA], or

ORDER- 6

whether consent is an affirmative defense to a claim under the TCPA." (Mot. at 2.)

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). The proponent must demonstrate that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The court finds that there is no "substantial ground for difference of opinion" as to whether consent is an element or an affirmative defense under the TCPA and that certification of the issue would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

1. "Substantial Ground for Difference of Opinion"

"It is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010) (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).) Courts traditionally find a substantial ground for difference of opinion where "the circuits are in dispute on the

ORDER- 7

question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (quoting 3 Federal Procedure, Lawyers Ed. § 3:212 (2010)); *see also Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.").

The Ninth Circuit has decided two cases that shed light on this issue. In *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1040 (9th Cir. 2012), the Ninth Circuit affirmed a district court's grant of a preliminary injunction and preliminary class certification under the TCPA. In numerous rounds of briefing over the past six months, Defendants have leaned on the *Portfolio Recovery* court's passing characterization of consent as one of "[t]he three elements of a TCPA claim." *Id.* at 1043. This court has acknowledged that language. (5/25/16 Order at 26.) However, this court examined the entirety of *Portfolio Recovery* and concluded that the Ninth Circuit placed the burden of proof for consent on the defendant. (*Id.* at 29); *Portfolio Recovery*, 707 F.3d at 1042 ("[The defendant] did not show a single instance where express consent was given before the call was placed."); *see also Heinrichs v. Wells Fargo Bank, N.A.*, No. C 3-05434 WHA, 2014 WL 985558, at *2-3 (N.D. Cal. Mar. 7, 2014) (quoting *Portfolio Recovery*, 707 F.3d at 1043) ("It is true that [*Portfolio Recovery*] listed 'the three elements of a TCPA claim' as '(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express

ORDER- 8

consent,' but this was in the context of a preliminary injunction request, and specifically, the plaintiff's likelihood of success on the merits in that case.").) The Ninth Circuit's analysis in *Portfolio Recovery* does not directly address whether consent is an affirmative defense or not, and the Circuit was evaluating provisional class certification for purposes of analyzing a preliminary injunction request—not the merits of the plaintiffs' claim. *Portfolio Recovery*, 707 F.3d at 1042. For those reasons, the court concludes *Portfolio Recovery*, although not a binding determination on this issue, is at a minimum unhelpful to Defendants' position.

In an earlier, unpublished case, the Ninth Circuit expressly concluded that "'[e]xpress consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof." *Grant v. Capital Mgmt. Servs., L.P.*, 49 F. App'x 598, 600 n.1 (9th Cir. 2011). *Grant* is unpublished and therefore not precedential. *See* Ninth Circuit Rule 36-3. However, it provides a further indication that this issue does not constitute a "substantial ground for difference of opinion." The growing body of concordant district court cases from the Ninth Circuit reinforces that conclusion. *See, e.g., Stavrinides v. Pac. Gas and Elec. Co.*, No. 16-00433 WHA, 2016 WL 3345426, at *2-3 (N.D. Cal. June 16, 2016); *Hudson v. Sharp Healthcare*, No. 13-CV-1807-MMA (NLS), 2014 WL 2892290, at *3 (S.D. Cal. June 25, 2014); *Heinrichs*, 2014 WL 985558, at *2-3; *Aderhold v. Car2go N.A., LLC*, No. C13-0489RAJ, 2014 WL 794802, at *3 (W.D. Wash. Feb. 27, 2014); *Sepehry-Fard v. Dep't Stores Nat'l Bank*, No. 13-CV-03131-WHO, 2013 WL 6574774, at *11 (N.D.

1  Cal. Dec. 13, 2013); *Connelly v. Hilton Grant Vacations Co., LLC*,
2  No. 12CV599 JLS KSC, 2012 WL 2129364, at *3 (S.D. Cal. June 11, 2012).

Defendants also characterize *Portfolio Recovery*, *Grant*, and this court's May 25, 2016, order as overly reliant on a 2008 Federal Communications Commission ("FCC") Declaratory Ruling. (Mot. at 5-7 (citing 23 F.C.C.R. 559, 565 (Jan. 4, 2008)).) The 2008 FCC Declaratory Ruling, according to Defendants, is best understood as "confined only to debt collection calls." (*Id.* at 6.) Even assuming the 2008 FCC Declaratory Ruling is so limited, however, Defendants overstate that ruling's impact on the court's determination. (*See* Mot. at 6 ("There is no suggestion that the FCC set forth a rule of general application in all TCPA claims that established once and for all that, contrary to the text of the statute, that [sic] consent was an affirmative defense that all defendants must establish.").) The court found the FCC's determination in the debt collection context persuasive authority for where the burden lies in other contexts covered by the TCPA. (*See, e.g.*, 5/25/16 Order at 29 (citing the 2008 FCC Declaratory Ruling as one example of a "growing collection of interpretations and caselaw available").) Defendants provide no rationale for apportioning the burden differently for debt collection calls as opposed to robocalls more generally. (*See* Mot. at 5-8.) Moreover, the court found the aforementioned universe of caselaw—including two Ninth Circuit cases—to similarly support its conclusion.[5]

_____

[5] The FCC recently issued a broader opinion that reinforces the conclusion that consent is an affirmative defense not only in debt collection calls, but in TCPA cases more generally. 30 F.C.C.R. 7961, 7971 (July 10, 2015) ("To reiterate and simplify the relevant portions of the

ORDER- 10

Defendants also argue that the plain language of the TCPA supports their position. The court disagrees. A party that "claims the benefits of an exception to the prohibition of a statute" generally carries the burden on that exception. *United States v. First City Nat'l Bank of Hous.*, 386 U.S. 361, 366 (1967). Congress distinguished the TCPA's consent provision by placing it in parentheses, prohibiting "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to, inter alia, a "cellular telephone service." 47 U.S.C. § 227(A). This statutory structure supports construing the TCPA's caveats—calls made "for emergency purposes" or "with the express prior consent of the called party"—as exceptions to the statute's proscriptions. Furthermore, TCPA defendants will typically have greater access to evidence of consent and the advantage of not having to prove a negative. *See Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 664 F.2d 716, 741 n.63 (9th Cir. 1981) (placing the burden of production on the "party with the best access to evidence and expertise"). The court accordingly rejects Defendants' argument that the text of the TCPA supports their position.

In sum, Defendants have advanced no argument demonstrating a "substantial ground for difference of opinion" on whether "prior express consent" is an element or an affirmative defense under the TCPA.

---

TCPA, and as a guide to the issues we address below: if a caller uses an autodialer or prerecorded message to make a non-emergency call to a wireless phone, the caller must have obtained the consumer's prior express consent or face liability for violating the TCPA."); *see also id.* at 7989-91 (treating consent as an affirmative defense that the calling party must prove).

ORDER- 11

2. "Materially Advance the Ultimate Termination of the Litigation"

Defendants also fail to show that certifying the court's May 25, 2016, determination on the issue of consent would materially advance the resolution of this case. *See* 28 U.S.C. § 1292(b). Defendants first argue that "[o]nly the Ninth Circuit Court of Appeals can address the issue of whether the [2008] FCC Ruling properly applies across the board to all TCPA claims." (Mot. at 9; *see also* Reply (Dkt. # 128) at 3-4.) As indicated above, the court based its conclusion on this issue only in part on the 2008 FCC Declaratory Ruling. Furthermore, to the extent an FCC ruling controls this issue, Defendants have not followed the procedural prerequisites under the Hobbs Act that are required "to enjoin, set aside, annul, or suspend" an FCC order. 47 U.S.C. § 402(a) (citing 28 U.S.C. § 2342); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1121 (11th Cir. 2014) (quoting *Self v. Bellsouth Mobility, Inc.*, 700 F.3d 453, 462 (11th Cir. 2012)) ("Mais is free to ask the [FCC] to reconsider its interpretation of "prior express consent" and to challenge the FCC's response in the court of appeals. . . . But he 'may not seek collateral review . . . by filing claims in the district court.'"); *Nack v. Walburg*, 715 F.3d 680, 686 (8th Cir. 2013) (holding a private action that attacks the validity of an agency order nonetheless implicates the statutory review procedure because "[t]o hold otherwise merely because the issue has arisen in private litigation would permit an end-run around the administrative review mandated by the Hobbs Act"). The Ninth Circuit therefore lacks the authority in this case to overturn the 2008 FCC Declaratory Ruling or the 2015 FCC Declaratory Ruling. *See supra* n.5.

Defendants oppose this conclusion on the basis that it would be futile and unfair to require them to collaterally challenge the FCC's rulings. (Reply at 3-4 ("Plaintiffs' notion . . . would leave Defendants no real remedy at all in this active litigation. . . . [L]ittle is likely to be accomplished by pursuing some manner of direct action against the FCC. . . . Plaintiffs' position would require Defendants to go seek collateral help from an administrative agency, even while Plaintiffs claim victory in this litigation . . . . Certainly this circuitous, ineffectual route cannot be Defendants [sic] only recourse. . . . Defendants should have a right to raise this matter to the circuit court that has jurisdiction to hear it.").) However, Defendants cite to no legal authority supporting their argument, which would subjugate unambiguous statutory requirements in favor of individualized, equitable considerations. 47 U.S.C. § 402(a) (citing 28 U.S.C. § 2342). The court therefore rejects Defendants' argument that certifying an interlocutory appeal would allow the Ninth Circuit to review the FCC's relevant rulings and thereby materially advance this litigation.

Defendants also argue that they "are virtually assured of raising this issue in this case, be it now or at some later procedural juncture." After a several-month delay caused by Defendants, this case is set for a brief bench trial in a matter of weeks. (*See* Dkt. ## 98, 100-01, 103-04, 116, 118.) To date, Defendants have presented only circumstantial evidence that a *de minimis* portion of the TCPA Class consented to being called. (*See* 5/25/16 Order at 19.) A reversal by the Ninth Circuit on this issue would potentially unsettle the court's findings and conclusions only on the discrete issue of consent. (*Cf. id.* (rejecting, without reference to which side has the burden on the issue,

Defendants' speculative argument that individualized questions of consent predominate and therefore warrant decertification of the TCPA Class).)  The burden from this unlikely potentiality is small in comparison to the indefinite stay that Defendants seek pending the outcome of an interlocutory appeal.  (Mot. at 9-12.)  Expedience would not be served, therefore, by certifying this issue for interlocutory appeal.

The court concludes that no "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand*, 437 U.S. at 475.  Accordingly, the court denies Defendants' motion to certify an interlocutory appeal.  Because Defendants premise their request to stay this case on their motion to certify an interlocutory appeal, the court also denies Defendants' request to stay.

## IV.   CONCLUSION

Based on the foregoing analysis, the court DENIES Defendants' motion to certify an interlocutory appeal (Dkt. # 117) and CLARIFIES its prior order as described herein.

Dated this 28th day of June, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 14