THE HONORABLE JAMES L. ROBART

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONTY J. BOOTH, ATTORNEY AT LAW, P.S., a Washington corporation, RICARDO T. MASCARENAS, a Washington resident, and CHRISTOPHER GREGORY, a Washington resident, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>APPSTACK, INC., a Delaware corporation; STEVE ESPINOSA, individually; and JOHN ZDANOWSKI, individually,<br><br>　　　　　　　　　Defendants. | NO. 2:13-cv-01533-JLR<br><br>**PLAINTIFFS' MOTION FOR MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Note on Motion Calendar:**<br><br>　January 11, 2017, 2:00 p.m.<br><br>**Location:**<br><br>　700 Stewart Street<br>　Courtroom 14106<br>　Seattle, Washington  98101 |

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION .........................................................................................................1

II. STATEMENT OF FACTS ............................................................................................2

III. AUTHORITY AND ARGUMENT ...............................................................................4

    A. The settlement satisfies the criteria for final approval .........................................5

        1. Strength of Plaintiffs' Case in Light of Risks of Further Litigation ..........5

        2. The Amount Offered in Settlement ...........................................................6

        3. Extent of Discovery Completed and Stage of Proceedings.......................8

        4. The Experience of Counsel Supports Final Approval ..............................8

        5. Presence of a Governmental Participant....................................................9

        6. Reaction of Settlement Class Members .....................................................9

    B. Settlement Class members received the best notice practicable ..........................9

    C. Class Counsel's attorneys' fees request should be approved .............................10

    D. Plaintiffs' request for incentive awards should be granted ................................11

    E. The Settlement Class should be finally certified................................................12

IV. CONCLUSION ............................................................................................................12

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - i
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Adams v. AllianceOne Receivables Mgmt., Inc.*,
   No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012)........................7

*Arthur v. Sallie Mae, Inc.*,
   No. 10-cv-00198-JLR, 2012 WL 4075238 (W.D. Wash. Sept. 17, 2012) ........................7

*Churchill Vill., L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ..................................................................................4, 5

*Couser v. Comenity Bank*,
   125 F. Supp. 3d 1034 (S.D. Cal. 2015) ............................................................................6

*Craft v. Cnty. of San Bernardino*,
   624 F. Supp. 2d 1113 (C.D. Cal. 2008) ..........................................................................11

*Cubbage v. Talbots, Inc.*,
   No. 09-cv-00911-BHS, Dkt. No. 114 (W.D. Wash. Nov. 5, 2012) .................................7

*Desai v. ADT Sec. Servs., Inc.*,
   No. 1:11-cv-01925, Dkt. No. 229 (N.D. Ill. Feb. 14, 2013).............................................7

*Estrada v. iYogi, Inc.*,
   No. 2:13–01989 WBS CKD, 2015 WL 5895942 (E.D. Cal. Oct. 6, 2015) .....................6

*Franklin v. Wells Fargo Bank, N.A.*,
   No. 14cv2349-MMA (BGS), 2016 WL 402249 (S.D. Cal. Jan. 29, 2016).....................6

*Garner v. State Farm Auto Ins. Co.*,
   No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. April 22, 2010) ................9

*Garret, et al. v. Sharps Compliance, Inc.*,
   No. 1:10-cv-04030, Dkt. No. 65 (N.D. Ill. Feb. 23, 2012)...............................................7

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1988)....................................................................................4, 5

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) .........................................................................................10

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - ii
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*In re Media Vision Tech. Sec. Litig.*,
    913 F. Supp. 1362 (N.D. Cal. 1996) ..................................................................... 11

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) ................................................................................ 10

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) .................................................................................. 4

*Knutson v. Schwan's Home Serv., Inc.*,
    No. 3:12–CV–00964–GPC, 2014 WL 3519064 (S.D. Cal. July 14, 2014) ............ 7

*Manouchehri v. Styles for Less, Inc.*,
    No. 14cv2521 NLS, 2016 WL 3387473 (S.D. Cal. June 20, 2016) ....................... 6

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009) ........................................................... 12

*Pelletz v. Weyerhaeuser Co.*,
    255 F.R.D. 537 (W.D. Wash. 2009) .................................................................. 8, 9

*Radcliffe v. Experian Info. Solutions*,
    715 F.3d 1157 (9th Cir. 2013) .............................................................................. 11

*Rinky Dink v. Elec. Merchant Sys., et al.*,
    No. 13-cv-1347-JCC, Dkt. No. 151 (W.D. Wash. April 19, 2016) ....................... 7

*Rinky Dink, Inc. v. World Business Lenders LLC*,
    No. C14-0268-JCC, 2016 WL 3087073 (May 31, 2016) .................................. 5, 6

*Rose v. Bank of Am. Corp.*,
    No. 5:11-CV-02390-EJD, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) ............ 7

*Shames v. Hertz Corp.*,
    No. 07 CV-2174, 2012 WL 5392159 (S.D. Cal. Nov 05, 2012) ........................... 8

*Steiner v. Am. Broad. Co.*,
    248 Fed. Appx. 780 (9th Cir. 2007) ..................................................................... 11

*Steinfeld v. Discover Fin. Servs.*,
    No. C 12-01118, Dkt. No. 96 (N.D. Cal. Mar. 10, 2014) ...................................... 7

*Tadepalli v. Uber Techs., Inc.*,
    No. 15-CV-04348-MEJ, 2016 WL 1622881 (N.D. Cal. Apr. 25, 2016) ............... 9

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - iii
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  *Texas v. Am. Blastfax, Inc.*,
       164 F. Supp. 2d 892 (W.D. Tex. 2001) ...............................................................................7

2  *Van Vranken v. Atl. Richfield Co.*,
3      901 F. Supp. 294 (N.D. Cal. 1995) ....................................................................................11

**OTHER AUTHORITIES**

*Manual for Complex Litigation* (Fourth) § 21.61 (2015) ............................................................5

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - iv
CASE NO. 2:13-CV-01533-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiffs Ricardo Mascarenas and Christopher Gregory respectfully request that the Court grant final approval of the class action settlement they reached with Defendants Appstack, Inc., Steve Espinosa, and John Zdanowski (together "Defendants"). Plaintiffs believe the settlement, which establishes a $975,000 common fund and includes substantial injunctive relief, is fair, adequate, reasonable, and in the best interests of the Settlement Class. Settlement Class members agree. The deadline to object, opt out, and file claims has now passed and 4,189 Settlement Class members timely submitted claims. Each claimant stands to receive approximately $112.51, which exceeds per-class member awards approved in similar TCPA settlements. No Settlement Class member has objected to the settlement and only two Settlement Class members have opted out. The Settlement Class's positive reaction to the settlement weighs heavily in favor of final approval.

Settlement administrator Epiq Systems Class Actions and Claims Solutions ("Epiq") successfully implemented the notice program, providing direct notice to 73% of the Settlement Class and 91% of the Settlement Class members for whom identifying information exists. This percentage is within Federal Judicial Center Guidelines for adequate notice, is the best notice practicable under the circumstances, and satisfies due process. Epiq also fielded calls from Settlement Class members and maintained a settlement website through which Settlement Class members could access case documents, stay apprised of deadlines, and submit online claims.

For the reasons set forth in this memorandum and in the papers previously submitted in support of settlement approval, the settlement is fair, adequate, reasonable, and in the best interests of the class. Accordingly, Plaintiffs respectfully request that the Court grant final approval of the settlement by: (1) finding the settlement to be fair, adequate, and reasonable; (2) determining that adequate notice was provided to the class; (3) finally certifying the Settlement Class; (4) approving Class Counsel's requested attorneys' fees of $243,750 and

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 1
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

out-of-pocket costs of $133,003.30; (5) approving notice and claims administration expenses of $121,920; and (6) approving incentive awards of $2,500 each for the class representatives.

## II. STATEMENT OF FACTS

On August 29, 2016, this Court granted Plaintiffs' motion for preliminary approval of the settlement the parties reached in this class action lawsuit. Dkt. No. 153. The settlement requires Appstack to pay $975,000 to establish a non-reversionary common fund for the benefit of a "Settlement Class" comprised of: All persons or entities in the United States who, on or after four years before the filing of this action to July 21, 2016, received a call to their cellular telephone line with a pre-recorded message, made by or on behalf of Defendants. Dkt. No. 151-1 §§ II.22; IV.1

The Settlement Agreement provides that all eligible Settlement Class members who submit claims will receive a pro rata share of the net settlement fund after settlement costs, including any Court-approved attorneys' fees, Court-approved litigation costs, Court-approved incentive awards to the Class Representatives, and the costs of providing notice and administering the settlement have been deducted. *Id.* § 4.2.

The settlement also provides for prospective relief. Defendants Espinosa and Zdanowski have agreed that for a period of two years, to the extent that they authorize or direct telemarketing activities, they shall (1) establish written procedures for TCPA compliance; (2) conduct annual training sessions directed to TCPA compliance; (3) maintain a list of persons who do not wish to be contacted; (4) subscribe to the national do-not-call registry; (5) establish internal procedures to ensure that any do-not-call databases they use are not mishandled; (6) scrub for cellular telephones before making any telemarketing calls using an automated dialing system or pre-recorded voice; (7) obtain prior express written consent to contact any cellular telephone; and (8) maintain records demonstrating such prior express written consent has been obtained. *Id.* § IV.5

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 2
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   After the Court granted preliminary approval, the settlement administrator, Epiq
2   commenced the notice program. Pursuant to the Class Action Fairness Act ("CAFA"), 28
3   U.S.C. Section 1715, Epiq sent notice of the settlement to the U.S. Attorney General, attorneys'
4   general of all fifty states, the District of Columbia, the five recognized United States territories,
5   and other parties of interest. *See* Declaration of Cameron Azari ("Epiq Decl."), Ex. A.

6   Class Counsel had provided Epiq with data associated with 89,848 unique potential
7   Settlement Class members. Epiq Decl. ¶ 5. Epiq coordinated "reverse look ups" to determine
8   names and addresses associated with the telephone numbers for whom no contact information
9   was provided. *Id.* Epiq mailed 71,272 postcards containing court-approved settlement notices
10  and detachable claim forms to potential Settlement Class members for whom a complete
11  address could be located. Epiq Decl. ¶ 6. Epiq re-mailed any postcard that was returned with
12  forwarding address information. As of December 21, 2016, Epiq has mailed 65,825 postcards
13  that have not been returned to Epiq. Epiq Decl. ¶ 6. This amounts to approximately 73% of the
14  Settlement Class and 91% of the Settlement Class for whom name and address information was
15  available. *Id.* In Epiq's opinion, the notice program is the best notice practicable. *Id.*

16  Epiq established a toll-free telephone number dedicated to answering calls from
17  Settlement Class members. Epiq Decl. ¶ 14–16. Hundreds of Settlement Class members called
18  this telephone number. *Id.* ¶ 16. Epiq also established a website dedicated to the settlement.
19  The settlement website became accessible on September 28, 2016, and enables potential
20  Settlement Class Members could visit this website to obtain answers to frequently-asked
21  questions, download settlement documents and key pleadings, and submit claims. *Id.* ¶ 12–13.
22  Epiq uploaded Class Counsel's fee petition within twenty-four hours after it was filed, thereby
23  providing Settlement Class members an opportunity to object to Class Counsel's fees well in
24  advance of the objection deadline. *Id.* ¶ 13; *see also* Declaration of Jennifer Rust Murray
25  ("Murray Decl.") ¶ 2. As of December 21, 2016, there were 17,352 unique visitors to the
26
27

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 3
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  settlement website and 60,171 page hits. *Id.* ¶ 13. There were 219 calls to the call line, for a
2  total of 714.52 minutes of use. *Id.* ¶ 16.

3        The reaction of Settlement Class Members to this settlement has been positive. The
4  deadline for submitting a claim or opting out of or objecting to the settlement was November
5  28, 2016. None of the Settlement Class Members objected to the Settlement or to Class
6  Counsel's fee request and only two Settlement Class members opted out. *Id.* ¶ 8. By contrast,
7  approximately 4,189 Settlement Class Members submitted unique and timely claims, which
8  amounts to a claims rate of nearly 6%. *Id.* ¶ 10.

9        Assuming the Court approves Plaintiffs' request for fees, costs, and incentive awards
10 (*see* Dkt. No. 158), $471,326.70 will be available to distribute proportionally to all Settlement
11 Class Members who submitted a valid and timely claim form. Dkt. No. 151-1 §VII. Assuming
12 all claims submitted to date are valid, each claimant will receive approximately $112.51.
13 Murray Decl. ¶ 4. All Settlement Class members will benefit from the non-monetary
14 provisions of the Settlement Agreement. *Id.*

### III. AUTHORITY AND ARGUMENT

16       The approval process for a class action settlement takes place in three stages. *See*
17 *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (describing the three-
18 stage settlement approval process). The Court has granted preliminary approval of the
19 settlement and notice has been sent. Thus, the first two stages are complete. The Court now
20 must determine whether, in light of all the information learned during the first two stages, final
21 approval is warranted. *See id.*

22       This Court has broad discretion to approve or reject a proposed settlement. *In re Online*
23 *DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942, 944 (9th Cir. 2015) (noting standard of review
24 is "clear abuse of discretion" and emphasizing appellate court's review is "extremely limited").
25 When considering a motion for final approval of a class action settlement under Rule 23, a
26 court must determine whether the settlement is "fundamentally fair." *Hanlon v. Chrysler*
27

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 4
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988).  A settlement merits final approval, when "the interests of the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61, at 421–22 (2015).

**A.   The settlement satisfies the criteria for final approval.**

In deciding whether to grant final approval to a class action settlement, courts consider several factors, including:  (1) the strength of the Plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of the class members to the proposed settlement.  *Churchill*, 361 F.3d at 575.  All of these factors support settlement approval here.

    1.   <u>Strength of Plaintiffs' Case in Light of Risks of Further Litigation</u>

Plaintiffs continue to believe they have a very strong case especially because, unlike other TCPA cases, no individualized evidence of consent exists.  At the time the case settled, the Court had certified a TCPA class, granted Plaintiffs summary judgment on their prima facie TCPA case, and denied Defendants' motion to decertify the TCPA Class.  The reality is, however, that even if Plaintiffs were to win everything at trial they would then have to collect any damages award from Defendants.  Appstack is defunct and without funds or assets to contribute; Defendants' insurer is adamant it is not obligated to pay any judgment due to coverage exclusions; and the individual defendants lack the financial ability to pay a larger judgment. Murray Decl. ¶¶ 10–11.  As a result, a substantial risk existed that class members would recover nothing even if they prevailed at trial and obtained a large judgment.  This factor favors settlement. *See Rinky Dink, Inc. v. World Business Lenders LLC*, No. C14-0268-JCC, 2016 WL 3087073, at *2 (May 31, 2016) (finding continued risk of litigation particularly in light of defendant's financial situation favored settlement).

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 5
CASE NO. 2:13-CV-01533-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

2.  The Amount Offered in Settlement

The Settlement Agreement requires Defendants to pay $975,000. This fund will be used to pay Settlement Class member claims after deducting (1) class representative incentive awards in the total requested amount of $2,500 each as approved by the Court; (2) attorneys' fees in the requested amount of $243,750 (25% of the Settlement Fund); (3) approximately $133,000 in the out-of-pocket expenses Class Counsel incurred to prosecute this case, which includes approximately $80,000 for the original class notice and decertification notice and approximately $20,000 in expert expenses; and (4) settlement administration costs, which are capped at $121,920. If the Court approves counsel's requested fees, costs, and incentive awards, $471,327 will remain to be distributed to Settlement Class members.

The amount that of each claimant's class payment depends on the number of claims submitted. The claims deadline has now passed and 4,189 Settlement Class members (5.88% of the persons to whom direct notice was sent) submitted timely and unique claims. Epiq Decl. ¶ 10. Epiq continues to review all claims to determine whether there are deficiencies. *Id.*

If all claims submitted are determined to be valid, claimants will receive a pro rata payment of approximately $112.51 ($471,327/4,189 claims). This amount is in line with — indeed in many cases it exceeds — awards approved in similar TCPA settlements in this district and elsewhere. *See Manouchehri v. Styles for Less, Inc.,* No. 14cv2521 NLS, 2016 WL 3387473, at *2, 5 (S.D. Cal. June 20, 2016) (preliminarily approving settlement where class members could choose to receive either a $10 cash award or a $15 voucher); *World Business Lenders LLC*, 2016 WL 3087073, at *3 (approving settlement where class members received $150 or $300); *Franklin v. Wells Fargo Bank, N.A.*, No. 14cv2349-MMA (BGS), 2016 WL 402249, at *5 (S.D. Cal. Jan. 29, 2016) (approving settlement where class members received approximately $71.16); *Estrada v. iYogi, Inc.,* No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (granting preliminary approval to TCPA settlement where class members estimated to receive $40); *Couser v. Comenity Bank,* 125 F. Supp. 3d 1034, 1044 (S.D. Cal. 2015) (granting final approval of TCPA settlement where each claimant recovered

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 6
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  only $13.75, in light of the large number of Class Member claimants (308,026 claimants) and
2  the high claims rate (7.7% claims rate)); *Rose v. Bank of Am. Corp.,* No. 5:11-CV-02390-EJD,
3  2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (approving TCPA settlement where class
4  members would receive $20 to $40 each); *Knutson v. Schwan's Home Serv., Inc.,* No. 3:12–
5  CV–00964–GPC, 2014 WL 3519064, at *4–5 (S.D. Cal. July 14, 2014) (approving TCPA
6  settlement where each class member was eligible for a $20 settlement check and $80
7  merchandise voucher); *Cubbage v. Talbots, Inc.*, No. 09-cv-00911-BHS, Dkt. No. 114 (W.D.
8  Wash. Nov. 5, 2012) (granting final approval of TCPA settlement where class members would
9  receive $40 cash or $80 merchandise certificate); *Steinfeld v. Discover Fin. Servs.*, No. C 12-
10 01118, Dkt. No. 96 at ¶ 6 (N.D. Cal. Mar. 10, 2014) (claimants received $46.98 each); *Adams
11 v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D.
12 Cal. Sept. 28, 2012) (claimants received $40 each); *Desai v. ADT Sec. Servs., Inc.,* No. 1:11-cv-
13 01925 (Dkt. No. 229) (N.D. Ill. Feb. 14, 2013) (estimating claimants would receive between
14 $50 and $100); *Garret, et al. v. Sharps Compliance, Inc.*, No. 1:10-cv-04030 (Dkt. No. 65)
15 (N.D. Ill. Feb. 23, 2012) (claimants received between $27.42 and $28.51); *Rinky Dink v. Elec.
16 Merchant Sys., et al.*, No. 13-cv-1347-JCC, Dkt. No. 151 (W.D. Wash. April 19, 2016)
17 (approving awards in TCPA action of approximately $97 per class member with 4.4% claims
18 rate); *Arthur v. Sallie Mae, Inc.*, No. 10-cv-00198-JLR, 2012 WL 4075238, at *1 (W.D. Wash.
19 Sept. 17, 2012) (granting final approval where class members received approximately $100
20 with 2.1% claims rate).
21      In addition to this monetary payment, the settlement provides substantial non-monetary
22 relief, requiring Defendants Espinosa and Zdanowski to keep records, conduct TCPA
23 compliance training, subscribe to do-not-call lists, and scrub calling records to prevent them—
24 and any entities they form in the future—from violating the TCPA. Dkt. 151-1 § IV.5. This
25 prospective relief prevents Espinosa and Zdanowski from repeating their conduct. *See Texas v.
26 Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001) (noting corporate officers may
27

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 7
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  be held individually liable under the TCPA so they do not "simply dissolve [the corporate
2  entity], set up a new shell corporation, and repeat their conduct"). This relief benefits all
3  Settlement Class Members regardless of whether they submitted a claim, because it protects
4  them from receiving annoying, time-consuming robocalls placed on behalf of Zdanowski,
5  Espinosa, and any new companies they form. Thus, this element supports final approval.

### 3.   Extent of Discovery Completed and Stage of Proceedings

Courts consider the extent of discovery completed and the stage of the proceedings in determining whether a class action settlement is fair, adequate and reasonable. *Shames v. Hertz Corp.*, No. 07 CV-2174, 2012 WL 5392159, at *6 (S.D. Cal. Nov 05, 2012). This case settled just before trial after two full years of hotly-contested litigation during which Plaintiffs conducted written discovery, reviewed thousands of pages of documents, took six depositions, certified a class, prevailed on a summary judgment motion to establish their prima facie case, defended a decertification motion and motion for interlocutory review, and prepared all materials necessary for trial. Murray Decl. ¶¶ 4–8. Entering mediation, both parties were well informed about the strengths and weaknesses of their respective cases. During mediation, with the assistance of the mediator, Plaintiffs learned about Defendants' financial position and were convinced that a settlement best serves the Class. *Id.* ¶¶ 9–10.

### 4.   The Experience of Counsel Supports Final Approval

Where Class Counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009). Here, Class Counsel are highly experienced class action litigators. Murray Decl. ¶¶ 12–22. Class Counsel believe the proposed settlement is fair, reasonable, adequate, and in the best interest of the Class. *Id.* ¶ 23. Indeed, counsel believe it is an excellent result for the class in light of Defendants' lack of financial resources to pay a larger judgment and the Settlement Agreement's real prospective relief. *Id.*

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 8
CASE NO. 2:13-CV-01533-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.  Presence of a Governmental Participant

Epiq notified the U.S. Attorney General, attorneys' general in all fifty states, the District of Columbia, and the five recognized United States territories. Epiq Decl. ¶ 4, Ex. A. Not a single government entity has objected to the settlement or sought to intervene.[1] Thus, this factor weighs in favor of settlement approval. *See Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010).

6.  Reaction of Settlement Class Members

A positive response to a settlement by the class—as evidenced by a small percentage of opt-outs and objections—supports final approval. *See Pelletz*, 255 F.R.D. at 543-44; *Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-MEJ, 2016 WL 1622881, at *8 (N.D. Cal. Apr. 25, 2016) (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043) (observing "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"). Out of nearly 90,000 class members only two Settlement Class members opted out and none objected. Epiq Decl. ¶ 8. Conversely, Epiq received thousands of timely and unique claims. Epiq Decl. ¶ 9. The substantial number of people claiming settlement relief and lack of objections weighs in favor of final approval.

**B.   Settlement Class members received the best notice practicable.**

In preliminarily approving the class settlement, this Court determined that the notice program in this case meets the requirements of due process and applicable law, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all individuals entitled thereto. Dkt. No. 153 at 3. This notice program was fully implemented by the independent claims administrator, Epiq Systems, Inc. *See generally* Epiq Decl.

The class notice and notice process approved by this Court and implemented by Epiq Systems, Inc. adequately informed Settlement Class Members of the nature of the action and

---

[1] Attorneys general from Texas and California contacted the parties and requested clarification regarding the scope of the release, which counsel provided. Murray Decl. ¶ 25.

PLAINTIFFS' MOTION FOR MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 9
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

these proceedings, the terms of the proposed settlement, the effect of the action and release of these claims, the right to exclude themselves from the action, and their right to object to the proposed settlement, as required for final approval of class under Federal Rule of Civil Procedure 23. Class Counsel posted their fee petition on the settlement website thirty days before the objection deadline, providing Settlement Class members full notice of Class Counsel's fee, cost, and incentive award requests in compliance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

The notice program successfully reached Settlement Class members. The settlement website received 17,352 unique visitors and 60,171 page views. Epiq Decl. ¶ 13. Epiq received 219 calls from persons seeking information about the settlement. *Id.* ¶ 16. And 4,189 Settlement Class members timely submitted claims for a cash award. According to the experienced settlement administrator, the notice "represents the best notice practicable under the circumstances." *See id.* ¶ 6.

**C.     Class Counsel's attorneys' fees request should be approved.**

For all the reasons set forth in Plaintiffs' Motion for Attorneys' Fees and Costs (Dkt. No. 158), Class Counsel's requested fees and costs are reasonable. Class Counsel reasonably seek 25% of the settlement fund ($243,750), which is the "benchmark" for a fee award in a common fund case. *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 942–43 (9th Cir. 2011). Courts may deviate from this benchmark only to prevent a windfall to counsel. *See id.* (finding courts should adjust the benchmark percentage where awarding 25% of a megafund "would yield windfall profits for class counsel in light of the hours spent on the case").

Awarding Class Counsel the Ninth Circuit benchmark of 25% of the fund in this case is reasonable. Class counsel dedicated more than 1,215 hours to this case over nearly three years incurring approximately $580,000 in lodestar. *See* Dkt. No. 158 ¶¶ 19–24 (explaining that Class Counsel request an attorneys' fee award of $243,750 based on a lodestar of $579,217.50). Thus, their requested fee represents a "negative" multiplier of .42. Class Counsel's request is

PLAINTIFFS' MOTION FOR MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 10
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

reasonable, especially in light of what courts ordinarily approve. *See Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving multiplier of 3.6); *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (upholding 25% fee award yielding multiplier of 6.85, finding that it "falls well within the range of multipliers that courts have allowed"); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (approving 25% fee award yielding a multiplier of 5.2 and stating that "there is ample authority for such awards resulting in multipliers in this range or higher"). Not a single Settlement Class member objected to Class Counsel's request for fees, costs. Epiq Decl. ¶ 7.

Class Counsel also reasonably request that they be reimbursed for the $133,003.30 they paid to prosecute this action. *See* Dkt No. 158 at 14. Class Counsel advanced these costs without any guarantee that they would ever be repaid. Dkt. No. 159 ¶ 22. These costs were necessarily incurred. Indeed, the majority of the costs were spent sending class certification notice (approximately $80,000) and on crucial expert expenses (approximately $20,000). *Id.* The remaining costs included travel costs, transcript costs, photocopying, and other litigation expenses. *Id.* These costs are reasonable and should be approved. *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) ("Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement.").

**D.    Plaintiffs' request for incentive awards should be granted.**

Plaintiffs' requested incentive awards, which are generally approved so long as the awards are reasonable and do not undermine the adequacy of the class representatives, should be approved. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013) (finding incentive award must not "corrupt the settlement by undermining the adequacy of the class representatives and class counsel"). Plaintiffs request incentive awards not to exceed $2,500 each for class representatives Ricardo T. Mascarenas and Christopher Gregory, who assisted counsel and were prepared to testify at trial. Plaintiffs' support of the settlement is

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 11
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1  independent of any service award and not conditioned on the Court awarding any particular
2  amount or any award at all, in stark contrast to *Radcliffe*. Such awards are appropriate and in
3  line with awards approved by this Court. *See, e.g., Pelletz v. Weyerhaeuser Co.*, 592 F. Supp.
4  2d 1322, 1329–30 & n.9 (W.D. Wash. 2009) (approving $7,500 service awards and collecting
5  decisions approving awards ranging from $5,000 to $40,000).

**E.   The Settlement Class should be finally certified.**

In its Preliminary Approval Order, this Court preliminarily found that the proposed Settlement Class satisfies the requirements of the Federal Rule of Civil Procedure 23. Dkt. No. 153 at 2-3. Before that, the Court granted Plaintiffs' motion to certify the TCPA class and denied Defendants' motion to decertify this class. Dkt. Nos. 61, 115. For all the reasons set forth in Plaintiffs' preliminary approval briefing, the supplemental briefing Plaintiffs provided in this brief, and Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards, the Court should finally certify the Settlement Class.

## IV.  CONCLUSION

Plaintiffs respectfully request the Court grant this motion and find that the Settlement Agreement is fair, adequate and reasonable. The payment of approximately $112.51 to Settlement Class Members is less than the recoveries potentially available under the law, and less than what would likely be obtained at trial given the strength of Plaintiffs' case. Nevertheless, this payment, combined with the non-monetary relief in the Settlement Agreement, is an outstanding result in light of the substantial risk that any victory at trial would be hollow given Defendants' precarious financial position and limited insurance.

For all these reasons, Plaintiffs respectfully request that the Court enter an Order (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel $243,750 in attorneys' fees and $133,003.30 in costs; and (5) approving service awards of $2,500 each for Plaintiffs Mascarenas and Gregory.

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 12
CASE NO. 2:13-CV-01533-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 | RESPECTFULLY SUBMITTED AND DATED this 28th day of December, 2016.

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Jennifer Rust Murray, WSBA #36983
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Mary B. Reiten, WSBA #33623
Email: mreiten@terrellmashall.com
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Daniel C. Gallagher, WSBA#21940
Email: dan@nwprolaw.com
GALLAGHER LAW OFFICES P.S.
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110
Telephone: (206) 855-9310
Facsimile: (206) 855-2878

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 13
CASE NO. 2:13-CV-01533-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on December 28, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Anne Cohen, WSBA #41183
>Email: acohen@smithfreed.com
>Joseph A. Rohner IV, WSBA#47117
>Email: jrohner@smithfreed.com
>Legal Assistant: Sandra Reust
>Email: sandra@smithfreed.com
>Legal Assistant: Kimberly Harmon
>Email: kharmon@smithfreed.com
>SMITH FREED & EBERHARD, P.C.
>111 SW 5th Avenue, Suite 4300
>Portland, Oregon 97204
>Telephone: (503) 227-2424
>Facsimile: (503) 227-2535

*Attorneys for Defendants*

DATED this 28th day of December, 2016.

>TERRELL MARSHALL LAW GROUP PLLC
>
>By:   /s/ Jennifer Rust Murray, WSBA #36983
>Jennifer Rust Murray, WSBA #36983
>Email: jmurray@terrellmarshall.com
>936 North 34th Street, Suite 300
>Seattle, Washington 98103
>Telephone: (206) 816-6603
>Facsimile: (206) 319-5450

*Attorney for Plaintiffs*

PLAINTIFFS' MOTION FOR MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 14
CASE NO. 2:13-CV-01533-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com